Bryan L. Sells (bryan@bryansellslaw.com) *(pro hac vice admission pending)*
THE LAW OFFICE OF BRYAN L. SELLS, LLC
P.O. Box 5493
Atlanta, GA 31107
Telephone: (404) 480-4212

Cheylynn Hayman (9793) (chayman@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840

Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED UTAH PARTY, an unincorporated political association of Utah citizens; JIM BENNETT, an individual; DIANE KNIGHT, an individual; VAUGHN R. COOK, an individual, and AARON AIZAD, and individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>SPENCER J. COX, in his official capacity as the Lieutenant Governor of the State of Utah,<br><br>        Defendant. | **VERIFIED COMPLAINT**<br><br>Case No. 2:17-cv-00655-DN<br><br>Judge David Nuffer |

Plaintiffs the United Utah Party, Jim Bennett, Diane Knight, Vaughn R. Cook, and Aaron Aizad (collectively, "Plaintiffs") hereby file this Verified Complaint against Defendant Spencer J. Cox (the "Lieutenant Governor") in his official capacity as the Lieutenant Governor of the State of Utah, and for their claims allege as follows:

## NATURE OF THE CASE

1.      This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution.  The Plaintiffs seek declaratory and injunctive relief prohibiting the Lieutenant Governor from failing to include the nominee of the United Utah Party on the ballot in the special election to be held November 7, 2017, in the Third Congressional District.  At issue in this lawsuit are Title 20A of the Utah Code (the "Utah Election Code") and the Lieutenant Governor's order, dated May 19, 2017 (the "May 19 order"), which sets forth a special election process and calendar for the anticipated June 30, 2017, vacancy of the Third Congressional District of Utah.  The Utah Election Code and the Lieutenant Governor's special election order make it impossible for the United Utah Party to run a party candidate in the special election.

## PARTIES

2.      Plaintiff United Utah Party is an unincorporated voluntary political association of Utah citizens who seek to associate and express their political views through the party's access to the ballot as an officially recognized party in the State of Utah.  The party was founded in April 2017.  The United Utah Party hopes to appeal to both Republicans and Democrats who believe that their party has become too extreme, and also to moderate independent voters who believe that neither the Republican nor the Democratic party adequately represents their views.

3.      Plaintiff James ("Jim") Bennett is the son of former Republican U.S. Senator Bob Bennett and a founding member of the United Utah Party. He is the United Utah Party candidate for United States Representative in the Third Congressional District.  He was duly nominated according to United Utah Party bylaws at a convention held on June 17, 2017.

4.      Plaintiff Diane Knight is a registered Republican and qualified elector residing in the Third Congressional District for the State of Utah.  She would like to have the opportunity to vote for the United Utah Party's candidate in the November 7, 2017, special election.

5.      Plaintiff Vaughn R. Cook is a registered Democrat and qualified elector residing in the Third Congressional District for the State of Utah.  He would like to have the opportunity to vote for the United Utah Party's candidate in the November 7, 2017, special election.

6.      Plaintiff Aaron Aizad is an unaffiliated qualified elector residing in the Third Congressional District for the State of Utah.  He would like to have the opportunity to vote for the United Utah Party's candidate in the November 7, 2017, special election.

7.      Defendant Spencer E. Cox is the Lieutenant Governor of the State of Utah and the Chief Election Officer for all statewide ballots and elections.  In his capacity as Chief Election Officer, the Lieutenant Governor exercises general supervisory authority over all elections and direct authority over the conduct of elections for federal officers.  The Lieutenant Governor is also responsible for reviewing information submitted by organizations seeking to become registered political parties in the State of Utah, and for certifying qualified organizations as newly registered political parties under the Utah Election Code.  The Lieutenant Governor is sued in his official capacity only.

8.      The Lieutenant Governor, both personally and through the conduct of his agents, servants and employees, was and is acting under color of state law at all times relevant to this action.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this case pursuant to Article III of the

United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

10.     This suit is authorized by 42 U.S.C. § 1983.

11.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the District of Utah under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

### Congressman Chaffetz Announces His Intent to Resign from Office

13.     On or about May 18, 2017, United States Representative Jason E. Chaffetz

notified Governor Gary E. Herbert of his intent to resign from his congressional seat at the close

of business on June 30, 2017.

14.     On May 19, 2017, the Lieutenant Governor issued an order setting forth a special

election process and calendar for the presumed June 30, 2017, vacancy of the Third

Congressional District of Utah.  A true and accurate copy of the order is attached to this

Complaint as Exhibit 1.

15.     The May 19 order provides that the special general election will be held on

November 7, 2017.

16.     The May 19 order also provides that the special election will be conducted using

the procedures for a regular general election except as provided in the special election process

and calendar attached to the order.

17.     Aside from the May 19 order and Utah Code Section 20A-1-502, which provides

simply that "[w]hen a vacancy occurs for any reason in the office of a representative in

Congress, the governor shall issue a proclamation calling an election to fill the vacancy," Utah

law does not specifically provide for special elections to fill a congressional vacancy.

### The Path to Becoming a Candidate on the Special Election Ballot

18.    Under the May 19 order, ballot access for the special election is governed by the

procedures for a regular general election except as specified in the order.

19.    The Utah Election Code provides two paths for ballot access in regular general

elections: one for candidates who win the nomination of a "registered political party," and one

for unaffiliated candidates.

20.    A "registered political party" is any party that: (1) participated in the last regular

general election and met a certain vote threshold in at least one of the last two regular general

elections; or (2) is a new political party and has complied with the petition and organizational

requirements of Utah law.  Utah Code § 20A-8-101(4).

21.    Registered political parties nominate their candidates for a regular general

election by convention or primary election. Candidates nominated by a registered political party

automatically earn a place on the general election ballot.

22.    An unaffiliated candidate is any candidate who is not affiliated with a registered

political party.

23.    Unaffiliated candidates nominate themselves for a regular general election by

submitting a nominating petition with a sufficient number of signatures.

24.    All candidates seeking to appear on a general election ballot must also file a

declaration of candidacy form and, unless seeking a waiver due to financial hardship, pay a filing

fee.

25.     The May 19 order required candidates seeking nomination as a candidate for a registered political party to file their declaration of candidacy form with the Lieutenant Governor by 5:00 p.m. on May 26, 2017.

26.     The May 19 order required parties nominating by convention to certify their nominee to the Lieutenant Governor by noon on June 19, 2017.

27.     The May 19 order sets a special primary election to be held, if necessary, on August 15, 2017.

28.     The May 19 order sets a deadline of August 31, 2017, for the Lieutenant Governor to certify the names of the candidates who will appear on the special general election ballot.

29.     Utah law requires that general-election ballots include a party designation for each candidate nominated by a registered political party but requires all other candidates, regardless of their actual political affiliation, to be listed without a party name and with a disclaimer that "[t]his candidate is not affiliated with, or does not qualify to be listed on the ballot as affiliated with, a political party."  Utah Code § 20A-6-301(1)(e).  Utah law provides no way other than party registration for a party candidate to be listed on the ballot with a party label.

**The Process for Registering a New Political Party under the Utah Election Code**

30.     The Utah Election Code does not specifically provide for party registration in the context of a special election, and the Lieutenant Governor's May 19 order does not address the issue of party registration in the context of this special congressional election.

31.     To become a registered political party, an organization of registered voters must file a petition seeking registered political party status and other documents with the Lieutenant Governor.

32.     The voters may circulate the petition "beginning no earlier than the date of the statewide canvass held after the last regular general election" and "ending no later than November 30 of the year before the year in which the next regular general election will be held." Utah Code § 20A-8-103(2)(a).

33.     The petition must be signed by at least 2,000 registered voters, and it must be submitted to the Lieutenant Governor "on or before November 30 of the year in which a regular general election will be held."  Utah Code § 20A-8-103(2)(b).[1]

34.     Once the petition is filed with the Lieutenant Governor, the Lieutenant Governor is required to determine whether the required number of voters appears on the petition, review the proposed name and emblem of the new political party to determine if they are distinguishable, and certify his findings "within 30 days."  Utah Code § 20A-8-103(6).

35.     If the Lieutenant Governor determines that the petition meets these requirements, the Lieutenant Governor is required to authorize the filing officer to organize the prospective political party.  Utah Code § 20A-8-103(7)(a).

_____

[1] In 2017, the Utah Legislature amended the date references in both Section 20A-8-103(a) and (b) from February 15 to November 30.  Although the Utah Legislature added language in subsection (a) to make clear that this deadline was "November 30 of the year before the year in which the next regular general election will be held," (alteration added), the Utah Legislature omitted to include the same clarifying language in subsection (b).  *See* S.B. 13 (2017), available at https://le.utah.gov/~2017/bills/static/SB0013.html.

36.     Once the Lieutenant Governor has reviewed names of the party officers or governing board filed with his office and determined that all proper procedures have been completed, the Lieutenant Governor is required to issue a certificate naming the organization as a registered political party in Utah and to inform each county clerk that the organization is a registered political party in Utah.  Utah Code § 20A-8-106(2).

37.     Section 20A-8-102(2) of the Utah Election Code provides that "[u]nless an organization of registered voters is a registered political party under this chapter, it may not place the names of candidates representing that organization upon the *primary* and *regular* general election ballots under the common organization name."  (Emphasis added.)

38.     The Utah Election Code contains no similar provision prohibiting the Lieutenant Governor from placing the names of candidates representing an organization upon the *special* election ballot under a common organization name.

39.     The Election Code expressly mandates that "[c]ourts and election officers shall construe the provisions of this title liberally to carry out the intent of this title."  Utah Code § 20A-1-401.

### Jim Bennett's Attempt to Declare His Candidacy for the United Utah Party's Nomination

40.     Utah voters who want to form a newly registered political party ordinarily have months to organize, prepare party constitutions and bylaws, gather petition signatures, submit required documentation, and wait for the Lieutenant Governor to certify his findings and issue a certification of new party status in advance of a general election.

41.     Because Representative Chaffetz did not announce his intent to resign until May 18, 2017, and because the Lieutenant Governor set the deadline for party candidates to

submit their declarations of candidacy on May 26, 2017, the United Utah Party had much less time to complete the steps necessary for registered-party status.

42.     Following the Lieutenant Governor's May 19 order, party leaders for the United Utah Party announced their intention to run a party candidate in the race to succeed Representative Chaffetz and hired a professional petition-circulating firm to gather signatures.

43.     The United Utah Party submitted approximately 2,100 signatures to the Lieutenant Governor on May 25, 2017.  The party submitted an additional approximately 600 signatures prior to 5:00 p.m. on May 26, 2017.  Given more time, the party could have submitted substantially more signatures.

44.     When Jim Bennett and other representatives of the United Utah Party submitted their signatures to the Lieutenant Governor's office on May 25, an election official promised Jim Bennett that the election office would work hard to certify the petition signatures prior to the 5:00 p.m. filing deadline the next day.

45.     On the afternoon of May 26, 2017, Jim Bennett returned to the election office to submit his declaration of candidacy to the Lieutenant Governor.

46.     Although the United Utah Party had submitted its petition signatures to the Lieutenant Governor's office, along with the party's proposed constitution and bylaws, prior to the 5:00 p.m. deadline, the Lieutenant Governor's office refused to accept Jim Bennett's declaration of candidacy for the United Utah Party's nomination because the United Utah Party was not yet a registered political party in the State of Utah.

47.     At that time, the election official also informed Mr. Bennett that there was "no way" the election office would be able to complete its review of the 2,000-plus signatures that

the United Utah Party had submitted to the Lieutenant Governor's office, and that the review would likely take "a few days" before it was complete.

48.     Jim Bennett asked the election official for permission to provisionally file his declaration of candidacy for nomination of the United Utah Party, pending certification of the United Utah Party as a newly registered political party.  The election office refused this request.

49.     Jim Bennett had also previously asked the election official if he could provisionally file as an unaffiliated candidate and later switch his affiliation to the United Utah Party, once the United Utah Party was certified as a newly registered political party.  The same election official told Mr. Bennett that he would not be allowed to do so.

50.     On Monday, June 5, 2017, the United Utah Party asked the Lieutenant Governor's office for an update on the party's certification and anticipated timeline for when the United Utah Party could expect to see a decision from the election office.  The election official responded that the election office "intend[ed] to have it complete this week."

51.     When no certification was forthcoming by that Friday, the United Utah Party again reached out to the Lieutenant Governor's election office the following Monday, June 12, 2017, for an update on the party's certification.

52.     At that time, the election official informed the United Utah Party that the election office intended to take the "full 30 days," or words to that effect, to review and certify the petition signatures.

53.     On June 17, 2017, the United Utah Party held a convention and nominated Jim Bennett as the United Utah Party's unopposed candidate in the special election for the Third Congressional District seat.

54.     Prior to 12:00 p.m. on June 19, 2017, the United Utah Party submitted a certification to the Lieutenant Governor's office certifying Jim Bennett as the United Utah Party's nominee in the special election for Representative Chaffetz's soon-to-be-vacated seat.

55.     Because Jim Bennett is the unopposed nominee of the United Utah Party, Utah law would not otherwise require the party to participate in any special primary election.

### The United Utah Party is Shut Out of the Special Election

56.     Utah's party-registration statues and the Lieutenant Governor's May 19 order made it impossible for a new political party to become registered prior to the May 26, 2017, candidate-filing deadline.

57.     An attorney for the Lieutenant Governor has confirmed that regardless of whether the United Utah Party satisfies the requirements for registered-party status, the Lieutenant Governor will not place Jim Bennett's name on the special election ballot as the party's nominee.

58.     The deadlines set by the Lieutenant Governor's May 19 order, combined with the Lieutenant Governor's refusal to accept Jim Bennett's declaration of candidacy form on May 26, have shut the United Utah Party out of the special election.

59.     The Lieutenant Governor's refusal to commit to placing Bennett on the ballot is causing the United Utah Party and Jim Bennett irreparable harm, inasmuch as it deprives both the party and its candidate the ability to effectively campaign and solicit contributions in support of a nominee who will appear on the special election ballot as the United Utah Party's official candidate.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

60.     Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

61.     Utah's party-registration statutes and the Lieutenant Governor's May 19 order violate rights guaranteed to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

1.     A real and actual controversy exists between the parties.

2.     The Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

3.     The Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the Plaintiffs respectfully demand that this Court:

1.     Take original jurisdiction over this case;

2.     Enter a declaratory judgment that Utah's party-registration statutes and the Lieutenant Governor's May 19 order violate rights guaranteed to the Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

3.     Enjoin the Lieutenant Governor, in his official capacity as the Lieutenant Governor of the State of Utah and the Chief Election Officer, from failing to include the nominee of the United Utah Party on the ballot in the special election to be held on November 7, 2017, in the Third Congressional District;

4.      Award the Plaintiffs nominal damages;

5.      Award the Plaintiffs the cost of this action, together with their reasonable

attorneys' fees pursuant to 42 U.S.C. § 1988; and

6.      Retain jurisdiction of this action and grant the Plaintiffs any further relief which

may be necessary and proper in the discretion of this Court.

RESPECTFULLY SUBMITTED this 21st day of June, 2017.

THE LAW OFFICE OF BRYAN L. SELLS, LLC

/s/ Bryan L. Sells
Bryan L. Sells

PARR BROWN GEE & LOVELESS, P.C.

/s/ Cheylynn Hayman
Cheylynn Hayman

*Attorneys for Plaintiffs*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the facts contained in the foregoing Verified Complaint are true and correct.

EXECUTED this 21st day of June 2017.

_____
Jim Bennett

14